IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COOPER MARINE & TIMBERLANDS )<br>CORPORATION, et al., )<br>)<br>Defendants. ) | CIVIL ACTION 07-0606-WS-M |

**CORRECTED ORDER ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the motion for summary judgment filed by defendants Barge LTD 510 ("the Barge"), East Side Brokerage Company, Inc., and CGB Enterprises, Inc. (collectively, "the East Side defendants" or "the defendants"). (Doc. 114). The motion seeks summary judgment with respect to all claims asserted against the East Side defendants by plaintiff CSX Transportation, Inc. ("CSX") as well as with respect to their crossclaim for indemnity against co-defendant Cooper Marine & Timberlands Corporation ("Cooper"). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 115-16, 121-25, 128, 132, 137), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion for summary judgment is due to be granted in part and denied in part.

**BACKGROUND**

On August 29, 2005, during Hurricane Katrina, 16 barges tied up at Cooper's berthing facility on the Mobile River broke free of their moorings. When the storm surge subsided, they lay astride CSX's tracks. By the morning of September 2, 2005, CSX had removed the Barge from this location and placed it in or nearer to water. CSX also

moved other barges.  In this action, CSX seeks reimbursement for its costs of removal, plus compensation for salvage.  The defendants are the 16 barges, various interest holders, and Cooper.  Only the Barge and its two interest holders have moved for summary judgment.

The complaint seeks relief under the following theories:

- Negligence
- Trespass
- Nuisance
- Quantum Meruit
- Salvage

(Doc. 1 at 6-9).  The East Side defendants seek summary judgment as to each of these theories.

The East Side defendants' crossclaim alleges that they are entitled to recover from Cooper all their damages.  (Doc. 100 at 8, ¶ IX).  It also alleges that they are entitled to indemnity and/or contribution with respect to all claims asserted against them by CSX.  (*Id.*, ¶ X).  The defendants seek summary judgment only with respect to their indemnity crossclaim.

## CONCLUSIONS OF LAW

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). "If the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (internal quotes omitted).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the Court will not construct arguments on behalf of the parties.

**I. Negligence.**

An essential element of a claim in negligence is the existence of a duty owed by the defendant. The defendants argue that this element is lacking because they "did not have custody or control of [the Barge] immediately prior to Hurricane Katrina." (Doc. 115 at 5). They say this is so because: (a) pursuant to a pooling agreement, they placed the Barge with SCF Marine Inc. ("SCF") in SCF's pool of barges; (b) SCF then placed the Barge in Cooper's barge fleet; and (c) the Barge was in Cooper's care, custody and control at the time of the hurricane, with the East Side defendants uninvolved in its preparation or mooring. (Doc. 115 at 5-6).

CSX responds that, under general maritime law, the defendants are relieved of responsibility with respect to the Barge only if they relinquished it to SCF by bareboat or demise charter but not if they entered a time charter, and it points out that the defendants have not established the existence of a bareboat or demise charter. (Doc. 121 at 9-10).

The defendants do not dispute CSX's legal premise as to the significance of a bareboat or demise charter as opposed to a time charter.  Instead, they argue: (a) their evidence establishes the existence of a charter; (b) CSX affirmatively alleges the Barge was in the care, custody and control of Cooper; and (c) CSX has not produced evidence that the Barge was subject to a time charter.  (Doc. 132 at 3-5).  These arguments are unavailing.

First, while the defendants have presented an affidavit for the proposition that the Barge was "chartered" to SCF, (Doc. 116, Exhibit A, ¶ 3), that single word does not reflect whether the charter was a bareboat or demise charter or whether it was a time charter.  *See generally Hale Container Line, Inc. v. Houston Sea Packing Co.*, 137 F.3d 1455, 1461 (11th Cir. 1998) (time charter of a barge).  It therefore does not negate the existence of a continuing duty with respect to the Barge.

Second, while the complaint does allege that the Barge was under the care, custody and control of Cooper, (Doc. 1 at 5, ¶ VI), the defendants have not explained how that allegation precludes CSX, as a legal or factual matter, from showing that they also had responsibility for the Barge due to the existence of a time charter.

Finally, while it is true that CSX has produced no evidence that the Barge was subject to a time charter, CSX has no burden to produce evidence.  This matter is before the Court on a motion for summary judgment filed by the defendants.  As the movants, the defendants bear "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark,* 929 F.2d at 608.  In this case, the material fact at issue is whether the charter was a bareboat or demise charter (which would eliminate a duty in negligence) or a time charter (which would not).  The defendants could meet their initial burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*.  The defendants have done neither and so have not

met their initial burden.[1]  Because they did not meet their initial burden, no responsive burden passed to CSX.  *Fitzpatrick*, 2 F.3d at 1116 ("If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made.").

The defendants argue that, even if they have a continuing duty vis-a-vis the Barge, CSX cannot identify any act or omission by them that caused or contributed to CSX's damages.  (Doc. 115 at 4-5).  CSX responds that the defendants omitted to remove the Barge from Cooper's property prior to Katrina and omitted to remove the Barge from CSX's property afterwards.  (Doc. 121 at 21-22).  These are acts or omissions, and they would appear to be causally related to CSX's alleged damages.  The burden is thus on the defendants to identify a factual or legal deficiency in CSX's position, since the Court will not do so on their behalf.  The defendants, however, ignore CSX's argument in their reply brief.  (Doc. 132 at 2).

In summary, the East Side defendants are not entitled to summary judgment as to CSX's negligence claim.

## II. Trespass.

The defendants again argue that CSX cannot identify an act or omission by them that caused or contributed to its losses.  (Doc. 115 at 7).  As noted in Part I, CSX has identified such acts or omissions, and the defendants have not attempted to show that they

---

[1] The defendants have not negated the existence of a time charter because, as noted in text, they have not produced evidence demonstrating that the charter was not a time charter.  They have not effectively "pointed out" CSX's inability to show the existence of a time charter because they have not directed the Court's attention to any materials on file that would preclude CSX from proving at trial that a time charter existed.  *See Clark*, 929 F.2d at 608 ("The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. ... Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial."); *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000).

are factually or legally insufficient.

The defendants note that liability for trespass requires intentional conduct. (Doc. 115 at 7). The necessary intent is "the intent to do the act which leads to the trespass." *W.T. Ratliff Co. v. Henley*, 405 So. 2d 141, 146 (Ala.1981). The defendants point out neither evidence negating CSX's ability to prove such intent nor something in the record that would preclude CSX from making such a showing.

In summary, the East Side defendants are not entitled to summary judgment as to CSX's trespass claim.

### III. Nuisance.

The defendants again argue that CSX cannot identify an act or omission by them that caused or contributed to its losses. (Doc. 115 at 7). As noted in Part I, CSX has identified such acts or omissions, and the defendants have not attempted to show that they are factually or legally insufficient. Accordingly, they are not entitled to summary judgment as to CSX's nuisance claim.

### IV. Quantum Meruit.

"It is the settled law of this State that where one knowingly accepts services rendered by another, and the benefit and the result thereof, the law implies a promise on the part of the one accepting with knowledge the services rendered by another to pay the reasonable value of such services rendered." *Mantiply v. Mantiply*, 951 So. 2d 638, 656 (Ala. 2006) (internal quotes omitted).

The defendants argue they did not knowingly accept CSX's services in moving the Barge because they were not informed of the move until after it occurred. (Doc. 115 at 7-8). They have provided testimony to this effect. (Doc. 116, Exhibit A, ¶ 8). The defendants' affidavit negates CSX's ability to establish this element of its quantum meruit claim and shifts the burden to CSX to show the existence of a genuine issue of material

fact.

CSX first argues that it need not show the defendants' knowing acceptance of its services but only their knowing acceptance of the benefits and result. (Doc. 121 at 26). The standard formulation of the test for quantum meruit quoted above disproves this contention. Moreover, "it is clear that knowledge that the service *is being rendered* is key to a court being permitted to imply a contract in law between parties where none exists in fact." *CIT Group/Equipment Financing, Inc. v. Roberts*, 885 So. 2d 185, 190 (Ala. Civ. App. 2003) (emphasis added). That is, CSX cannot prevail by ignoring the "knowing acceptance of services" element, and it cannot satisfy this element with evidence that the defendants, after the fact, accepted their rescued property. Instead, CSX must show that the defendants were aware, before or as the services were being rendered, that they were being rendered.

To make the necessary showing, CSX relies on a letter from Cooper to SCF dated September 14, 2005, in which Cooper states, "[w]ith your permission, the above-referenced barge was removed from the track and refloated at approximately 0930 on September 2, 2005." (Doc. 128, Exhibit A at 1). This document may create a genuine issue as to whether *SCF* was notified of the move before it occurred, but CSX has not suggested how any awareness of SCF can be imputed to the defendants,[2] and the Court will not supply the deficiency.

In summary, the East Side defendants are entitled to summary judgment as to CSX's quantum meruit claim.

**V. Salvage.**

"A claim for a salvage award requires that three elements be shown: (1) A

---

[2]*See, e.g., Roberts*, 885 So. 2d at 190-91 ("Knowledge of one person is generally only imputed to another where there exists a special legal relationship between the two [such as principal/agent or partner/partner]," and then "only ... under certain circumstances").

maritime peril from which the ship or other property could not have been rescued without the salvor's assistance. ..." *Klein v. Unidentified Vessel*, 758 F.2d 1511, 1515 (11th Cir. 1985). The parties engage in an interesting discussion of whether the Barge was subject to such a peril, but the key to resolution of this claim lies with the second part of its first element: whether the Barge could or could not have been rescued without CSX's assistance. *See id.* (rejecting salvage claim in part because the owner "was certainly capable of 'rescuing' the property ... without plaintiff's assistance").

According to the defendants' evidence, they would have taken appropriate measures to have the Barge removed from CSX's property, (Doc. 116, Exhibit A, ¶ 10), and they seek summary judgment on this basis. (Doc. 115 at 11). Nothing in the surrounding circumstances draws this evidence into question.[3] The defendants' affidavit thus negates an element of CSX's claim and shifts the burden to CSX to show the existence of a genuine issue of material fact. CSX, however, has ignored the defendants' argument and evidence. (Doc. 121 at 16-19). Accordingly, the East Side defendants are entitled to summary judgment as to CSX's salvage claim.

## VI. Maritime Lien.

The parties agree that the Barge's presence as an in rem defendant depends on the existence of a maritime lien. *See* Supplemental Admiralty Rule C(1)(a). Because CSX's salvage claim is due to be dismissed, the defendants argue that no maritime lien remains and the Barge should be dismissed. (Doc. 115 at 11-12). The defendants, however, offer no support for their implicit position that CSX's claims of negligence, trespass and nuisance cannot support a maritime lien, and the Court will not conduct the defendants' research on their behalf. In short, the Barge is not entitled to dismissal.

---

[3]CSX removed the Barge from its property within four days and did so without notice to the defendants (who have not been shown to have been aware of the situation), so neither the passage of time nor the defendants' inaction undermines their affidavit.

## VII. Indemnity.

According to the defendants, in order for them to be entitled to indemnity from Cooper, two circumstances must co-exist: (1) the defendants are guilty of no fault other than technical or constructive; and (2) Cooper is guilty of negligence. (Doc. 115 at 13). Assuming without deciding that the defendants' cursory treatment accurately states the law, they have not shown the absence of a genuine issue of material fact as to either element.

The defendants say nothing about their own potential fault or about what is meant by the less than pellucid terms, "technical" and "constructive." Given that CSX's negligence claim against the defendants survives, it is difficult to see how all fault other than technical or constructive can be ruled out, and the defendants offer no explanation. With respect to Cooper's negligence, they rely on the *Louisiana* rule, but the presumption that an alliding vessel is at fault may be rebutted if Cooper shows by a preponderance of the evidence that it acted with reasonable care. *Bunge Corp. v. Freeport Marine Repair, Inc.*, 240 F.3d 919, 923 (11th Cir. 2001). Cooper has offered substantial evidence of the care it took, (Doc. 124), and the defendants have not endeavored to show that no reasonable jury could find the evidence sufficient to rebut the *Louisiana* presumption.[4]

In summary, the East Side defendants are not entitled to summary judgment on their crossclaim for indemnity.

## CONCLUSION

For the reasons set forth above, the East Side defendants' motion for summary judgment is **granted** with respect to CSX's claims for quantum meruit and salvage. In all

---

[4]In their reply brief, the defendants accuse Cooper of "attempt[ing] to shift the focus ... from one of bailment law to a question of negligence." (Doc. 132 at 11). The suggestion is confusing, since it was the defendants who insisted both that their right to indemnity depends on Cooper's negligence and that liability under bailment law also requires a showing of Cooper's negligence. (Doc. 115 at 13).

other respects, the motion for summary judgment is **denied**.[5]

DONE and ORDERED this 1st day of July, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[5]Cooper's motion to file a supplemental affidavit, (Doc. 133), and its motion to file a supplemental opposition to the motion for summary judgment, (Doc. 138), are **denied as moot**.